Seward, J.
(orally).
This is submitted to the court upon a motion to dissolve the attachment issued upon the amended petition. The original petition in this case as the court found (and it dissolved the attachment for the reason that is so found), ante, page 592, was a proceeding to recover for a tort, which the Pullman Car Company was charged with having committed against the plaintiff, Gillett.
An amended petition was then filed, for the purpose of bringing the action under contract.
No attachment could have issued, or was proper to be issued, under the original petition, and this amended petition is intended to change the cause of action from that of tort to that of contract. That would give the plaintiff a right to his attachment.
Now, the question is, whether this can be done; whether the plaintiff can change his cause of action from that of tort to that of contract, and have his attachment issued upon the cause of action set forth in his amended petition ?
Phillips in his work on Code Pleading, Section 334, refers to this matter. There is a dearth of authority in Ohio. There are plenty of authorities outside of Ohio, which are cited in the brief of counsel. The great weight of authority, as Judge Phillips says, is that it can not be done — that is, change a cause of *616 action sounding in tort to one in contract, when it requires the allegation of a state of facts to constitute and sustain a cause of action sounding in tort to one sounding in contract. You must allege a breach of the contract in order to recover in a suit upon a contract.
Judge Phillips says, at Section 314:
‘.‘The weight of authority is to the effect that a party may not, by amendment of his pleading before trial, change the nature and scope of his action or defense; for this would not be an amendment of the original cause or defense but the substitution of another cause therefor.”
In addition to Phillips on Code Pleading, I am cited to a great many authorities outside of Ohio, holding that it can not be done, and to 1st Handy, at page 574:
“This is a motion to dismiss amended petition,, and involves a similar principle to the next case. An attachment had been issued upon a claim to recover, upon three promissory notes. After service of the attachment an amended petition was filed setting up a new cause of action. The petition ought not to stand. Such a practice would enable a party to keep an attachment alive, and add to the claims upon which it was issued new causes of action from time to time, to the serious detriment of substantial rights and intervening claims.”
The court is driven to the conclusion that the great weight of authority is to the effect — and there are no authorities to the contrary in Ohio — that the great weight of authority is that such an amendment can not be made; and the court holds that this motion ought to be sustained, and it is sustained.